## BELL v. ROGERS et al.
### No. 1340.

Court of Civil Appeals of Texas. Waco.

March 9, 1933.

Rehearing Denied April 13, 1933.

S. J. T. Smith, of Waco, for plaintiff in error.

Tom P. Scott and J. W. Spivey, both of Waco, for defendants in error.

GALLAGHER, Chief Justice.

Plaintiff in error, Lynch Bell, hereinafter called plaintiff, instituted this suit in the district court against defendants in error, G. B. Rogers and J. W. Spivey, hereinafter called defendants, and for cause of action alleged that theretofore, on December 2, 1931, said court entered a judgment in cause No. 27648, entitled Isla Bell Barrett et al. v. Lynch Bell et al., by the terms of which judgment the sum of $77.45 out of rents and revenues collected by the said Spivey as receiver during the pendency of said suit, and paid by him into the registry of the court, was set aside and ordered paid to Joe H. Bell. Plaintiff further alleged that said Joe H. Bell was never served with process in said cause; that he never employed nor authorized any attorney to represent him therein and that the court never appointed an attorney to represent him; that he did not even know of the pendency of said suit nor of the order directing the payment of said sum of money to him as a party thereto, as aforesaid. Plaintiff further alleged that said Joe H. Bell, on March 14, 1927, for a valuable consideration, sold and conveyed to him all his right, title, interest, and estate in and to the premises from which said rents were derived; that he as grantee in said deed thereupon became entitled to receive any and all rents to which said Joe H. Bell would have been entitled had he remained the owner of such interest in said property. Plaintiff further alleged that he was not present at the time the court heard the receiver's report and made the order apportioning the rents collected by such receiver and directing that the sum of $77.45 thereof be paid to said

Joe H. Bell. Plaintiff further alleged that the defendant G. B. Rogers received and receipted for said sum of $77.45 so set apart to Joe H. Bell, and that he was not authorized to do so by either said Joe H. Bell or himself. Plaintiff prayed that the judgment so complained of be set aside and held for naught; that the court enter a reformed and corrected judgment awarding to him the said sum of $77.45 previously awarded to said Joe H. Bell; that he have judgment against said Rogers therefor and that the said Rogers be required to pay the same back into the registry of the court. No relief against the receiver Spivey was asked. Both defendants answered by general demurrer, and defendant Spivey specially denied that he had anything to do with the division of the rents collected and paid into court by him. The court heard defendants' general demurrers, sustained the same, and dismissed the cause. Plaintiff sued out a writ of error to this court.

### Opinion.

Plaintiff presents a single assignment. He contends therein that his petition showed affirmatively that the trial court erred in making and entering the order and judgment awarding the sum of $77.45 out of rents collected to Joe H. Bell and directing the payment thereof to him, and further erred in refusing to reopen said judgment, to hear the testimony, and to grant him adequate relief. The transcript filed by plaintiff herein contains a copy of the final judgment in said original cause No. 27,648, as aforesaid, in which the court determined and declared the several interests of the respective parties in the tract of land from which rents were collected by said receiver, appointed commissioners, and directed them to partition the same in kind. The court therein ordered defendant Spivey as receiver in said cause to file his final report of collections made, within thirty days from the date thereof, and to pay such collections into court. The court in said judgment awarded to Joe H. Bell an undivided one-sixth interest in an undivided one-half of said land, and an undivided one-sixth interest in all rents collected and paid into court by the receiver as aforesaid. Said judgment was rendered on the 24th day of August, 1931, at the regular July term of the court. The transcript also contains a further order of the court in which was incorporated the final report of the receiver herein. The court in said order discharged the receiver and apportioned the funds paid into court by him among the several parties declared in the original judgment to be entitled to receive the same, among whom was said Joe H. Bell, to whom the said sum of $77.45 was apportioned as aforesaid. Since these respective judgments are presented by plaintiff in his transcript, we have decided to consider the same in connection with

the allegations in his original petition and as explanatory thereof, without pausing to determine whether they constitute any part of the record in this cause. The last of said judgments is the one described by plaintiff in his petition, and the term at which it was made and entered had adjourned when such petition was filed. The original judgment rendered on the 24th day of August as aforesaid recited that all the parties thereto had been duly and legally cited and had appeared therein by person or by attorney. It disposed of all the parties and issues involved. It awarded to Joe H. Bell, one of the parties thereto, a specific interest in the land and in the rents collected therefrom. It was therefore final in form and its recitals imported validity. Hanrick v. Hanrick, 110 Tex. 59, et seq., 173 S. W. 211, 214 S. W. 321; Levy v. Roper, 113 Tex. 356, 256 S. W. 251, 253, par. 2. Said judgment could therefore be set aside at a subsequent term only in a direct proceeding. Aetna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962, 963, par. 2, and authorities there cited; First Nat. Bank v. Fox (Tex. Sup.) 39 S.W.(2d) 1085, 1086, par. 3. We do not understand plaintiff to contend that this is such a suit. We therefore will not discuss the sufficiency of his petition to entitle him to maintain such a suit.

Plaintiff apparently relies for authority to maintain this action on articles 2228 and 2229 of our Revised Statutes. Both said articles apparently contemplate a proceeding in the nature of a motion in the original suit. We do not think, however, that plaintiff's rights should be abridged because he has brought this action in the form of a separate suit. The first of said articles provides, in substance, that mistakes *in the record of any judgment or decree* may be amended by the judge in open court according to the truth or justice of the case, after notice of the application therefor has been given to the parties interested in such judgment or decree. Clearly, Joe H. Bell, to whom said sum was awarded out of the rents collected, was interested in the judgment so awarding the same and should have been made a party to this suit and served with notice or citation herein. Neither he nor any of the other persons to whom like amounts were awarded were made parties hereto. Said article, however, authorizes the proceeding therein prescribed only when there has been a mistake in the record of the judgment, by reason of which it does not correctly reflect the judgment actually pronounced by the court. It authorizes the correction of a clerical but not a judicial error. Coleman v. Zapp, 105 Tex. 491, 493, et seq., 151 S. W. 1040; O'Neil v. Norton (Tex. Com. App.) 33 S.W.(2d) 733, 734, pars. 1 and 2; Jones v. Bass (Tex. Com. App.) 49 S.W.(2d) 723, 724, par. 3; Montgomery v. Huff (Tex. Civ.

App.) 11 S.W.(2d) 237, 241, par. 8 (writ refused), and authorities there cited; Pring v. Pratt (Tex. Civ. App.) 1 S.W.(2d) 441, 445, pars. 1 and 2; Cannon v. Cannon (Tex. Civ. App.) 43 S.W.(2d) 134, 135, par. 2. Plaintiff's allegations show that he made the alleged purchase of the interest of Joe H. Bell in the property involved in the former suit, during the pendency of the same. He nowhere alleged that he, by proper pleading or otherwise, ever asserted in said cause the ownership of the interest formerly held in said property by his vendor. He merely contended that the act of the court awarding Joe H. Bell his proportionate part of said rents was a mistake and that the court should have awarded the same to him. The award of said interest of $77.45 in the rents to said Joe H. Bell and the direction contained in the judgment to pay the same to him involved the exercise of judicial discretion and authority. Coleman v. Zapp, supra. Relief against such an error is not within the purview of said article. The authority conferred by the second of the articles so relied on is also confined to the correction of mistakes in the entry of judgments, as distinguished from their rendition. Missouri-Pacific Ry. Co. v. Haynes, 82 Tex. 448, 452 et seq., 18 S. W. 605.

Plaintiff having sought a so-called correction of the judgment and his petition being insufficient on its face to justify such relief, the action of the trial court in sustaining demurrers thereto was proper, and its judgment is affirmed.