## PANHANDLE CONSTRUCTION COMPANY V. LAURA LEE LINDSEY ET AL.

No. 6220.   Decided June 19, 1934.
Motion for rehearing overruled October 24, 1934.
(72 S. W., 2d Series, 1068.)

614

*Robt. A. Sowder,* of Lubbock, for plaintiff in error.

It having been shown that Lot 23 in Block 57 was the identical property received by Mrs. Lindsey in exchange for property she had received from Mrs. Ricketts in exchange for the property upon which the plaintiff had its paving lien, it was proper, and there being no dispute of such fact, to impress a trust upon such Lot 23 to the extent that plaintiff would have obtained a judgment on Lot 1, which was an incumbrance upon Mrs. Rickett's property, to which she had received a warranty deed in exchange for her property in her deal with the Lindseys. 37 C. J., p. 320, sec. 25; 39 Cyc., p. 169; Johnson v. Johnson, 14 S. W. (2d) 805; Johnson v. Poindexter, 9 S. W. (2d) 172.

*Levens, McWhorter & Howard,* of Lubbock, for defendant in error, Laura Lee Lindsey.

The trial court having sustained the plea in abatement as to the defendant Laura Lee Lindsey, both individually and as administratrix of the estate of W. W. Lindsey, deceased, and having dismissed plaintiff's and cross-defendant's causes of action as to each of them, it was error for the trial court to thereafter hear evidence and render judgment impressing the defendant Laura Lee Lindsey's property with a lien in favor of the plaintiff and cross-defendants. Texas Jur., Vol. 1, p. 185, par. 135, and authorities there cited.

*Benjamin Kucera,* of Lubbock, for defendants in error, M. J. and J. F. Ricketts.

Mr. Judge RYAN delivered the opinion of the Commission of Appeals, Section B.

W. W. Lindsey and wife, owners of Lot 1 in Block 86 of the Overton Addition to the City of Lubbock, on May 7, 1929, executed a lien to the Panhandle Construction Company in security for certain paving, curb and gutter improvements to be constructed upon the street abutting said property. This instrument was filed for record on August 26, 1929.

A special assessment was levied against the premises in the name of W. W. Lindsey as the true owner thereof, by the City of Lubbock, evidenced by certain special paving assessment certificates, payable to the Panhandle Construction Com-

pany, for said improvements, by ordinance dated November 29, 1930.

By deeds dated August 26, 1930, Lindsey and wife conveyed said Lot 1 in Block 86 to M. J. Ricketts (wife of J. F. Ricketts) as her separate estate, and Ricketts and wife conveyed to Laura Lee Lindsey (wife of W. W. Lindsey) as her separate estate, all of Block 82 of the Markowitz Subdivision of Block 79, Roberts and McWhorter Addition to the City of Lubbock.

As part of the consideration recited in the deed from the Lindseys to Ricketts the grantee assumed and promised to pay a balance of $7,000.00 of an indebtedness secured by deed of trust on said Lot 1, to the Wichita Falls Building and Loan Association. This deed was filed for record on January 10, 1931.

Part of the consideration recited in the deed from Ricketts and wife to Mrs. Lindsey was a promissory note for $750.00 signed by the Lindseys, payable to the order of M. J. Ricketts, and secured by vendor's lien on said Block 82. This deed was filed for record on September 9, 1930.

W. W. Lindsey died on December 21, 1930; administration is pending on his estate, in Lubbock County, Mrs. Laura Lee Lindsey being administratrix.

After Lindsey's death, Mrs. Lindsey conveyed to J. A. Nix, said Block 82 of the Markowitz Subdivision, and Nix conveyed to her, Lot 23, Block 57 of the Overton Addition to the City of Lubbock; this deed bears date, February 3, 1931, and was filed for record on March 6, 1931.

The paving claim being unpaid, the Panhandle Construction Company brought suit against Laura Lee Lindsey, individually and as administratrix of the estate of W. W. Lindsey, her deceased husband, M. J. Ricketts and her husband, J. F. Ricketts, and the Wichita Falls Building and Loan Association, for recovery of the unpaid amount of said paving claim, including a reasonable attorney's fee in the premises; it is alleged in the petition that because of such different exchanges of property and the warranty deeds executed by Mrs. Lindsey, the benefit of such paving improvements accrued to her and her subsequently acquired property, whereby Lot 23, Block 57, Overton Addition became impressed with a trust and lien in favor of plaintiff, Construction Company, and it is entitled to a foreclosure as against said property to the extent of any judgment it might recover. It was also averred that because of the warranty in the deed conveying said Lot 1, Block 86, to M. J. Ricketts and the representation by the Lindseys to Mrs. Rick-

etts and her husband that there was no lien thereon, except for a balance of $7,000.00 owing to the Building and Loan Association, which representations deceived and were believed by the Ricketts and they (the Ricketts) are entitled to recover from Mrs. Lindsey a sum equal to the indebtedness sued on, plaintiff is entitled to be subrogated to the recovery against Mrs. Lindsey "to the extent that the said M. J. Ricketts and J. F. Ricketts would be."

The prayer is:

"WHEREFORE, plaintiff prays for process upon all the defendants, that upon hearing it have its judgment against the defendants for its debt, for foreclosure of its lien, and for sale and satisfaction of the property superior to all the defendants, that it have its judgment against the said Laura Lee Lindsey by reason of the facts above set out, and the same be declared a lien upon the premises taken in her name as her property and the lien be foreclosed, and for such other and further relief at law or equity it may be entitled."

The answer of M. J. Ricketts and her husband consisted of a general demurrer, general denial, and cross-action against Mrs. Laura Lee Lindsey individually and as administratrix of her deceased husband's estate, for any recovery plaintiff may have as against said Lot 1, Block 86, and that Lot 23, Block 57 be impressed with a trust and lien in favor of the plaintiff, Construction Company, and in favor of said Ricketts—said parties to be entitled to a foreclosure as against said Lot 23 to the extent of such recovery.

Mrs. Lindsey, in abatement, plead the death of her husband, pendency of administration on his estate, her coverture when the transactions set out in plaintiff's petition and in the cross-action of Mrs. Ricketts occurred, that the obligations, if any, were those of her deceased husband and of his estate and not hers. She excepted generally and specially to plaintiff's petition and to the cross-action of Mrs. Ricketts, plead general denial, that at the time she executed the mechanic's lien as well as when the same was conveyed to Ricketts the property covered thereby was the homestead of herself and deceased husband, that she did not execute the deed of conveyance therefor as of her separate estate, that the property upon which plaintiff and defendants Ricketts are seeking to impress a lien is the homestead of herself and her three minor children as was the property she traded in exchange therefor; she denied the consideration as set forth by plaintiff, in the exchange between her husband and Ricketts and alleged that Ricketts was to

assume an indebtedness of $7,000.00 on said property whether owing to the Building and Loan Association or any other person and to assume the paving claim of which said Ricketts had both actual and constructive notice.

Disposing of Mrs. Lindsey's pleas in abatement the trial court entered the following two orders, viz.:

1st. "On this the 11th day of June, 1931, came on to be heard the Plea in Abatement of the defendant, Laura Lee Lindsey, as to the plaintiff, Panhandle Construction Company's suit, and before announcement of ready for trial on the merits, the Court, having heard said plea and the evidence and argument of counsel, is of the opinion that same should be sustained.

"It is therefore ORDERED, ADJUDGED AND DECREED by the Court that plaintiff's cause of action against the defendant, Laura Lee Lindsey, and the estate of W. W. Lindsey, deceased, be and the same is hereby in all things dismissed.

\*　　\*　　\*　　\*

2nd. "On this the 11th day of June, 1931, came on to be heard the defendant, Laura Lee Lindsey's Plea in Abatement to the cross action filed herein by the defendants M. J. Ricketts and husband J. F. Ricketts, and the Court, before announcement of ready for trial in the main cause, after having heard said plea and the evidence and argument of counsel in support thereof, is of the opinion that same should be and the same is hereby sustained.

"It is therefore ORDERED, ADJUDGED AND DECREED by the Court that said cross action against the defendant, Laura Lee Lindsey, and the Estate of W. W. Lindsey, deceased, be in all things dismissed."

Without any further pleadings filed by plaintiff or the cross defendants, Ricketts, the court proceeded to trial with a jury upon the merits as though no dismissal had been had as to Laura Lee Lindsey and the Estate of W. W. Lindsey, deceased, and at the conclusion thereof, without any written request therefor shown in the record, instructed the jury as follows:

"You are instructed to find for the defendants, Ricketts, that they are entitled to recover of and out of Lot 23, Block 57, Overton Addition to the City of Lubbock, the amount of principal and interest of Plaintiff's paving lien of $285.05, at 7 per cent interest from November 29, 1929, plus attorneys fees of $150.00, and you will find that the plaintiff is entitled to be subrogated to such judgment in favor of the Ricketts, and for

the plaintiff as forclosure on Lot 1, Block 86, Overton Addition to Lubbock."

The jury returned verdict in accordance therewith; the court on June 12, 1931, rendered judgment sustaining the plea in abatement of Mrs. Lindsey, administratrix, to the plaintiff's cause of action against the estate of W. W. Lindsey, deceased, as well as the special exception, that no recovery be had personally against Mrs. Lindsey, and then rendered judgment in favor of the Panhandle Construction Company, foreclosing its paving lien against Lot 1, Block 86, Overton Addition to the City of Lubbock, in the amount of its claim, including principal, interest and $150.00 as an attorney's fee, and a further judgment in favor of Mrs. Ricketts establishing and foreclosing a lien against Lot 23, Block 57, in the hands of Mrs. Laura Lee Lindsey and all persons claiming under her, in the same amount as was awarded in foreclosure against Lot 1, Block 86; no personal liability or recovery for said amounts was awarded against any one; Lot 23, Block 57, was ordered sold first and then Lot 1, Block 86, was ordered sold to satisfy any deficiency. The Building and Loan Association was ordered dismissed, by the court.

Mrs. Lindsey perfected an appeal from said judgment to the Court of Civil Appeals at Amarillo and the record was there filed on August 8, 1931. Her appeal bond was approved on June 22, 1931.

The term of the District Court at which said judgment was rendered, expired on June 27, 1931.

It appears from a supplemental transcript herein filed, that on November 20, 1931 (during the November term of court), the Panhandle Construction Company filed its "motion to amend judgment" on the ground that the judgment of June 12, 1931, is erroneous and not clear, in that said judgment recites that the plea in abatement of Laura Lee Lindsey, administratrix, to plaintiff's cause of action against said estate is sustained, as well as a special exception that no recovery could be had personally against Laura Lee Lindsey, when in truth and in fact the plea in abatement of the estate of Laura Lee Lindsey was sustained by the court, but the clause that no personal recovery be had against her is subject to misconstruction in that it was the order of the court that the Construction Company should be subrogated to the lien of Mrs. Ricketts as against Lot 23, Block 57. The prayer was for an order of correction to show that no recovery be permitted against said

Laure Lee Lindsey, save and except and unless the same could be made out of Lot 23, Block 57.

By order rendered on November 25, 1931, the court corrected the judgment:—originally, the recital was—"special exception that no recovery could be had personally against the defendant Laura Lee Lindsey" is sustained—as corrected, the recital is "insofar as plaintiff might seek a money judgment against the said Laura Lee Lindsey, by its pleadings, the same is denied." No change was made in the recital sustaining the plea in abatement of Mrs. Lindsey, administratrix, to the plaintiff's cause of action against said estate.

Mrs. Lindsey excepted to said last order, gave notice of appeal therefrom, and filed supplemental assignments of error —the record of which was by order of the Court of Civil Appeals filed and made a part of the record on appeal.

The Court of Civil Appeals concluded that the original judgment of June 12th was erroneously rendered, that the nunc pro tunc judgment of November 25th is void, and the appeal being from the former judgment—before correction— it should be reversed; as to the latter judgment, the court concluded that no appeal was prosecuted therefrom. The court's order, entered January 20, 1932, disposing of the case before it, is "because it is the opinion of the court that there was error in the judgment, it is therefore considered, ordered and adjuged that the judgment of the court below be reversed and that this appeal be and the same is hereby dismissed." 46 S. W. (2d) 339.

The case is now before us by writ of error granted on application of the Panhandle Construction Company.

### OPINION.

*First.* No personal liability is claimed by plaintiff below against the estate of W. W. Lindsey, deceased, because of his having executed a warranty in the deed to Mrs. Ricketts conveying Lot 1, Block 86—indeed, it is averred in the petition that said estate is insolvent and there is no necessity for presenting a claim, the property thereof being encumbered by other and superior liens more than equal its value and plaintiff knows of no other property belonging to said estate.

This averment is expressly adopted and made a part of their pleading on cross-action by Mrs. Ricketts and husband.

The court sustained the plea in abatement as to any liability of the estate of W. W. Lindsey, growing out of the cove-

nant of warranty; no complaint is made of such action and therefore said estate passes out of the case.

■ Mrs. Lindsey, a married woman, at the time she and her husband conveyed community property to Mrs. Ricketts, is not personally liable because of the warranty covenant; she is personally bound neither by an express warranty nor on implied covenant. Wadkins v. Watson, 86 Texas, 194, 24 S. W., 385; Shannon v. Childers, 202 S. W., 1030 (error refused); Logue v. Atkeson, 80 S. W., 137 (error refused); Johnson v. Blum, 66 S. W., 461; Freiberg v. DeLamar, 27 S. W., 151 (error refused).

Not being personally liable, of course, her separate estate is not liable on such warranty covenant.

■ Ricketts and wife conveyed Block 82 of the Markowitz Subdivision of Block 79 to Mrs. Lindsey as her separate estate.

This also became the homestead of herself and husband, and after his death, she exchanged said property as her separate estate, for an acquired, as feme sole, Lot 23, Block 57, which in turn became the homestead of herself and minor children.

The Construction Company has no express or implied lien against said Lot 23, Block 57, and the Ricketts have no enforcible claim against Mrs. Lindsey by reason of said warranty covenant.

■ *Second.* Jurisdiction of the Court of Civil Appeals attached when Mrs. Lindsey complied with the statutory requirements as to giving notice of appeal and filing an approved appeal bond—she filed proper assignments of error, the approved statement of facts and complete record of all proceedings had, with the Court of Civil Appeals. The record so filed was complete within itself and a correct transcript of all that had been done in the case until then.

The term of the trial court which rendered the judgment had adjourned and said judgment was final. The case was then pending in the Court of Civil Appeals, on appeal, and having acquired jurisdiction, it would continue until the case is disposed of there.

■ The perfection of the appeal, as a general rule, terminates the authority of the lower court. Gulf, C. & S. F. Ry. v. Fort Worth & N. O. Ry., 68 Texas, 98; 3 Tex. Jur., p. 369. True, a court may correct a judgment or record after adjournment of the term and the perfection of an appeal, at any time

before final judgment in the appellate court, so as to make such record speak the truth (3 Tex. Jur., p. 372), but as said in Coleman v. Zapp, 105 Texas, 491, 151 S. W., 1040, the correction must be confined to correctly reciting what the court decided, not what the court may afterwards conclude is a proper judgment. "The judgment is what the court pronounces; its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is only the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record."

■ If the correction was of a judicial error, as contra-distinguished from a clerical error, then it could not be made after the term at which the judgment was rendered, had expired. Arrington v. McDaniel, 119 Texas, 148, 125 S. W. (2d) 295; Federal Surety Co. v. Cook, 119 Texas, 89, 24 S. W. (2d) 394.

Mrs. Lindsey excepted to such corrected judgment and gave notice of appeal therefrom; she filed supplemental assignments of error complaining of the court's action and these, together with supplemental transcript, were by order of the Court of Civil Appeals, upon motion by appellees in that court, ordered filed and made a part of the record on such appeal, which had already been perfected.

■■ We think the judgment of June 12th as entered was final and the appeal was properly perfected therefrom. The Court of Civil Appeals acquired jurisdiction of the case and it was unnecessary to file a new appeal bond as a result of the entry of the so-called corrected judgment of November 25th. The Court of Civil Appeals ordered it considered as part of the record then before it and it became a part of the record of the case before the Court of Civil Appeals,—quite a different situation from where the appeal had not been perfected and the case not then under jurisdiction of the appellate court, when a nunc pro tunc order is made at a subsequent term.

■ In such case jurisdiction still remains in the trial court and the rule is to allow the statutory time for preparing an appeal to begin to run from the date of the nunc pro tunc order. Luck v. Hopkins, 92 Texas, 427, 49 S. W., 360; 3 Tex. Jur., p. 277.

It follows that the Court of Civil Appeals erred in dismissing the appeal.

■ *Third.* Mrs. Lindsey prevailed in the Court of Civil Appeals to the extent of securing a reversal of the adverse judgment below. She is therefore entitled to have her assignments, which were properly presented in that court, considered here insofar as may be necessary to determine what judgment should have been rendered by the Court of Civil Appeals. Holland v. Nimitz, 111 Texas, 419, 239 S. W., 185; Harris County v. Charlton, 112 Texas, 19, 245 S. W., 644.

From what has been above said, there is no liability on the part of Mrs. Lindsey and the judgment was correctly reversed by the Court of Civil Appeals as to her, although an erroneous reason may have been given.

The judgment of the Court of Civil Appeals is affirmed insofar as it reverses the judgment of the court below and the cause is remanded with instructions to render judgment in favor of Mrs. Laura Lee Lindsey and denying any recovery against her, individually or as administratrix of the estate of W. W. Lindsey, deceased, and denying any foreclosure against her property, and to render judgment in favor of the Panhandle Construction Company for the amount of its claim and foreclosure of its lien on Lot 1 in Block 86 of the Overton Addition to the City of Lubbock.

The costs of the appeal are to be paid one-half by the Panhandle Construction Company and one-half by Mrs. M. J. Ricketts and her husband, J. F. Ricketts.

Opinion adopted by the Supreme Court, June 19, 1934.