## HAYS v. HUGHES.

### No. 8490.

Court of Civil Appeals of Texas. Austin.

June 2, 1937.

Rehearing Denied June 23, 1937.

Shropshire & Sanders, of Brady, for appellant.

Howell E. Cobb and Newman & McCollum, all of Brady, for appellee.

BAUGH, Justice.

This case arose as follows: On October 15, 1934, in a suit upon a promissory note, and to foreclose a chattel mortgage on livestock, S. W. Hughes obtained a default judgment against J. S. Hays for $4,974.83, together with foreclosure of his lien. The docket entry made by the district judge was dated October 15th, and the judgment as signed by the district judge was filed with the district clerk on October 15th. The judgment as written, however, and as recorded in the minutes, bore date of October 14th, which was Sunday. Thereafter, on January 7, 1936, S. W. Hughes filed a motion to have said judgment corrected, by the entry of an order nunc pro tunc, on the ground that the date, October 14th,

was a clerical error, that the judgment was actually pronounced and rendered on October 15th, and sought to have the record corrected so as to speak the true facts. Notice was given to Hays, who appeared and contested the motion, a hearing was had thereon, and the court entered its order correcting the error as prayed for. From this action of the court in so doing this appeal is prosecuted.

It is the contention of appellant that the judgment rendered in the original suit was that signed by the judge and entered of record; that this constituted a rendition of such judgment on Sunday; that as such this judgment was void and could not therefore be corrected and given vitality in the manner attempted.

This contention cannot be sustained. We are not concerned with the validity vel non of a judgment actually rendered by the district court on Sunday, because the undisputed facts in this case show that no such judgment was in fact rendered on Sunday. The findings of fact of the trial court in said hearing, together with the other evidence introduced, conclusively show that the judgment pronounced by the court was in fact made and rendered on Monday, October 15, 1934, and that the date recited in the judgment as drawn was but a clerical error.

It is now settled law that the court has full power to correct such clerical errors, as contradistinguished from judicial errors, which latter he does not have power to correct in this sort of proceeding. The error here presented was manifestly and clearly but a clerical error and not in any sense a judicial error. The correction as made by the trial court in no way affected the rights of the parties to the suit, nor the subject matter of the litigation. Nothing would be added to our jurisprudence by reiterating these well-established rules, or by a discussion of the authorities on these questions. Suffice it to say that the contentions of the appellant made on this appeal are foreclosed against him by the following authorities: Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Bell v. Rogers (Tex.Civ.App.) 58 S.W.(2d) 878; Corbett v. Rankin Ind. School Dist. (Tex.Civ.App.) 100 S.W.(2d) 113; articles 2228 and 2229, R.S.1925; 25 Tex.Jur. § 69, p. 438, and § 134, p. 528, and cases cited thereunder.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.