## HILLHOUSE et al. v. ALLUMBAUGH.
### No. 3014.

Court of Civil Appeals of Texas.
Eastland.

May 15, 1953.

Rehearing Denied June 5, 1953.

Alexander D. McNabb, Dallas, for appellants.

Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellee.

COLLINGS, Justice.

Garrett Preston Allumbaugh died on November 27, 1946 and left a will by which

nominal sums were bequeathed to his children and the residue of his estate was bequeathed and devised to his wife, Fannie Estelle Allumbaugh. This is a contest of the validity of such will. The original contest was by several children of deceased but the only remaining contestant is one child, appellant Lorena Hillhouse. The basis of the contest is allegations of lack of jurisdiction, the statute of limitations, res adjudicata, lack of testamentary capacity and undue influence. No evidence was offered to support the last two allegations. The case has had an extended history involving two different proceedings in the probate court, one in the 101st District Court, two in the 68th District Court and one in the 44th District Court, all in Dallas County, and a previous appeal to the Court of Civil Appeals. The results of the former appeal are set out in an opinion by the Court of Civil Appeals of Fort Worth by Chief Justice McDonald in the case of Hillhouse v. Allumbaugh, Tex.Civ.App., 238 S.W.2d 799, which is referred to for facts and proceedings which transpired prior to the appeal. After the case was returned to the probate court in accordance with the mandate of the Court of Civil Appeals in the above-cited cause, the probate court proceeded on May 25, 1951, to enter an order probating the will. An appeal was duly perfected to the District Court and the case was tried before a jury in the 44th District Court of Dallas County on April 9, 1952. At the close of the evidence the court granted proponent's motion to withdraw the case from the jury and entered a notation on the docket to the effect that the will was admitted to probate. The following judgment was prepared, presented to and signed by the court and entered on the minutes:

"On this, the 9th day of April, 1952, came regularly on to be heard the above entitled and numbered cause and came the proponent, Fannie Estelle Allumbaugh, and contestant, Lorena Hillhouse, in person and by attorneys and announced ready for trial. A jury having been demanded, twelve good and lawful men of Dallas County, Texas, were duly selected, impanelled and sworn to act as a jury in said cause. At the conclusion of the evidence and after both sides had rested their cases, the contestant presented her written motion for an instructed verdict and the proponent presented her motion that the case be withdrawn from the jury and judgment rendered in her favor. The Court, after hearing argument, concluded that the motion of contestant should be denied and that the motion of proponent should be and the same is hereby granted, to which action of the Court contestant duly excepted.

"It is, therefore, ordered, adjudged and decreed by the Court that the judgment of May 25, 1951, of the Probate Court of Dallas County, Texas, in probate cause No. 28968, Estate of Garrett Preston Allumbaugh, Deceased, probating the will dated August 9, 1946, of the said Garrett Preston Allumbaugh, be and the same is hereby in all respects affirmed.

"The Clerk shall transmit the original papers in said probate cause and a certified copy of this judgment to the Clerk of the Probate Court and the Probate Judge shall make such orders as may be necessary for the enforcement of such judgment, to all of which the contestant duly excepted. All costs are adjudged against the contestants and the sureties on her bond, for which let execution issue.

s/ W. L. Jack Thornton, Judge
"Approved as to form:
s/ Frank J. Scurlock
      Attorney for Proponent
s/Alexander D. McNabb
      Attorney for Contestant."

The papers in the case were in accordance with the judgment returned to the probate court and on April 22, 1952, a hearing was had therein on the application of the temporary administrator to distribute the estate. Thereafter, on July 28, 1952, while the probate court had the application under advisement, appellee filed in the 44th District Court a motion for judgment nunc pro tunc. Appellant contested the motion and the District Court on August 1, 1952, entered a judgment nunc pro tunc probating the will of Garrett Preston Allumbaugh. This appeal is from such nunc pro tunc judgment.

In appellants' first and second points it is contended that the court erred in entering the nunc pro tunc judgment on August 1, 1952, probating the will in question, in lieu of the prior judgment rendered April 9, 1952, because the District Court had no power or authority to enter such nunc pro tunc judgment. It is urged by appellants that the judgment entered April 9, 1952 had become final and that after July 2, 1952, the District Court had lost jurisdiction and was without power or authority to change such judgment. We cannot agree with this contention.

It appears from the record that upon the trial of the case in the District Court on April 9, 1952, all necessary facts to prove the will were developed and that after hearing the evidence the court noted on its docket that the cause was withdrawn from the jury and the will admitted to probate. The judgment presented to and signed by the court on that date reciting that the judgment of the probate court was affirmed did not truly reflect the action taken by the court. It failed to dispose of the one issue which the court had before it for consideration and disposition, and which the court had, in fact, heard and passed upon, and noted on its docket that the will was admitted to probate. The error in the recorded judgment was one which the court had the power to correct by a judgment nunc pro tunc. A court has the inherent power and right to correct and amend its record by a nunc pro tunc entry to faithfully portray and recite its judgment as actually rendered. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040.

This power does not end at the expiration of the term of court but may be exercised at any time either during or after the term at which the judgment is rendered. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A.L.R. 355; Hays v. Hughes, Tex.Civ.App., 106 S.W.2d 724 (Err. Ref.). Such power and right continues even though an appeal has been perfected and the case is pending in the Court of Civil Appeals. Panhandle Construction Co. v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068; Williams v. Pitts, Tex., 251 S.W.2d 148.

Appellants urge that the nunc pro tunc judgment was an entirely different decree which would change the legal effect of the judgment of April 9, 1952, after the court had lost jurisdiction but we cannot agree with this contention. The nunc pro tunc judgment did not change the legal effect of the judgment actually rendered on April 9th. The judgment rendered by the court on that date as noted on the docket was to probate the will. Through error, this action by the Court was not incorporated into the written judgment. The error involved was not judicial but was clerical in that the decree prepared, presented to and signed by the Court did not set forth the judicial determination actually made by the Court. This was an error which the court had power to correct by a judgment nunc pro tunc, correctly portraying the judgment actually rendered. The point is overruled.

We have examined the remaining points presented by appellant and find that they consist of alleged errors of the court in overruling pleas to the jurisdiction, res adjudicata, limitations and some other purely procedural contentions, all of which were based upon matters which took place prior to the decision of the Court of Civil Appeals, reference to which has been heretofore made. Such matters were either presented to and directly passed upon or, in effect, disposed of by the Court of Civil Appeals in the former appeal. To consider such points now would be inconsistent with and contrary to the opinion in that case. We are of the opinion that appellant should not be permitted to again urge such matters presented in the former appeal and which have been directly, or, in effect, ruled upon. 3B Tex.Jur., page 776 et seq.

We find no error in points presented by appellant and the judgment of the trial court is affirmed.