**Dow MAHALEY et al., Appellants,**

v.

**J. A. JENKINS et al., Appellees.**

No. 4152.

Court of Civil Appeals of Texas.

Waco.

July 18, 1963.

Mays & Jacobs, Corsicana, for appellants.

Palmer & Palmer, Dallas, for appellees.

McDONALD, Chief Justice.

This case involves the right of the Trial Court to enter a judgment "nunc pro tunc," to correct a "misrecital of fact." In 1960 Mahaley sued Jenkins in trespass to try title to cancel an oil and gas lease held by Jenkins. The parties agreed that judgment should be entered for Mahaley, which judgment provided further that Jenkins should have 90 days to remove his equipment from the leased premises. The judgment was prepared by counsel for Mahaley and mailed to counsel for Jenkins for approval on January 9, 1961. Such judgment began "Be it Remembered that on this ——— day of January 1961 * * *". Counsel for Jenkins approved the judgment and returned it to counsel for Mahaley on February 9, 1961. Counsel for Mahaley inked the figures "11th" in the blank, *and it was signed by the District Judge on February 11, 1961, and entered in the District Court Minutes of Navarro County on February 11, 1961.*

Subsequently controversy arose as to whether Jenkins had removed his equipment within the "90 days" prescribed by the judgment. Jenkins, on December 21, 1962, filed this case, as an application to the trial court to correct the former judgment dated January 11, 1961, to read "February 11, 1961", (the date on which it was actually entered.) After hearing the trial court entered judgment nunc pro tunc correcting the former judgment's date to *February 11, 1961.*

Mahaley appeals, contending that the trial court could not enter judgment nunc pro tunc, to reflect the true date upon which the judgment was entered because: 1) the position of the parties had undergone material change; 2) the original entry was a mistake of law, and could be corrected only by appeal; 3) the error was a judicial error and not a clerical error.

It is undisputed that the original judgment dated *January 11, 1961* was signed and entered by the Trial Court on *February 11, 1961.*

■ Rule 316 Texas Rules of Civil Procedure provides that mistakes in the record of any judgment may be amended by the judge in open court according to the truth or justice of the case, provided reasonable notice is given the opposite party of an application to enter a judgment nunc pro tunc. Moreover, courts have inherent power to correct their judgments by entry nunc pro tunc, so as to properly and correctly recite the true action taken. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040.

■■ There can be no question but that the error was a clerical error, and not a judicial error, or a mistake of law as contended by appellant. The cases are numerous which permit correction of misrecital of fact by entry of judgment nunc pro tunc. See: Campbell v. Hart (n. r. e.), Tex.Civ. App., 256 S.W.2d 255; Hays v. Hughes, W. E. Ref., Tex.Civ.App., 106 S.W.2d 724;

Texas Emp. Ins. Ass'n v. Pillow (n. r. e.), Tex.Civ.App., 268 S.W.2d 716.

The trial court had the right to correct its judgment to show the true date of its entry. Appellants' points and contentions are overruled and the judgment of the trial court is affirmed.