The CITY OF SAN ANTONIO, Texas, and the City Public Service Board of the City of San Antonio, Texas, Appellants,

v.

James W. TERRILL, Jr., Individually and as Independent Executor of the Estate of W. H. Terrill, and as Trustee Under the Last Will and Testament of W. H. Terrill, Deceased, Appellee.

No. 15189.

Court of Civil Appeals of Texas, San Antonio.

Oct. 3, 1973.

Rehearing Denied Nov. 14, 1973.

Craig L. Austin, San Antonio, for appellants.

Lieck, Lieck & Leon, San Antonio, for appellee.

KLINGEMAN, Justice.

This suit was brought by James W. Terrill, Jr., individually and as independent executor of the estate of W. H. Terrill and as trustee under the last will and testament of W. H. Terrill, deceased, appellee herein, against the City of San Antonio and the City Public Service Board, appellant herein, to recover (under Count One) the sum of $112,106.42 in compensation for the taking by condemnation proceedings by appellant of the remainder interest in 182.15 acres of a 329-acre tract and for damages to the remainder, or in the alternative, (under Count Two) to recover the sum of $112,106.42 in compensation for the wasting of said 182.15 acres and damages to the remaining acreage caused by such wasting. The trial court, without a jury, rendered judgment for appellee in the amount of $69,450.

We first consider appellee's motion to dismiss this appeal predicated on the ground that the record herein was not filed within the time prescribed by Rule 386, Texas Rules of Civil Procedure. The question before us relates to the date from which the 60-day period set forth in the rule aforementioned should be computed. The final judgment contains a recitation in the first part of the judgment: "On the

18th day of October, 1972, came on to be heard the above styled and numbered cause . . . ." The only other date contained either in or on such judgment is a handwritten inscription, "November 30, 1972," which is under the judge's signature on said judgment. No motion for new trial was filed herein, and the statement of facts and transcript were filed on January 29, 1973.

■ Rule 386, supra, provides that the transcript and statement of facts are to be filed within 60 days from the rendition of the judgment, with provisions for an extension of time under certain conditions, which are not here applicable as no motion for extension of time was ever filed. The provisions of this rule are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App.—San Antonio 1967, no writ); Horn v. Builders Supply Company of Longview, 401 S.W.2d 143 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.). Rule 306a, Texas Rules of Civil Procedure, provides that, in determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the judge as stated therein. Brown v. Vander Stucken, 435 S.W.2d 609 (Tex.Civ.App.—San Antonio 1968, no writ). It is thus seen that in order for us to have jurisdiction of this appeal, the date of the signing of the judgment must have been no earlier than November 30, 1972.

While this appeal was pending, appellant filed an application for judgment nunc pro tunc; and after a hearing, the trial court, on May 21, 1973, granted such motion, in which judgment the court found, among other things: (1) the final judgment was actually signed on the 30th day of November, 1972; (2) the "Rough Minutes, 57th District Court" maintained by the clerk of such court reflect said signing on such date; and (3) that the handwritten notation, "November 30, 1972," is in the handwriting of the court and was personally affixed thereon by the court.

The nunc pro tunc judgment then decrees that any omission of the date of the signing of the judgment previously rendered be corrected by the clerk and that the phrase, "SIGNED and ENTERED this 30th day of November, 1972," be added to said judgment and made a part thereof as if fully set forth therein.

■ A court has the inherent power and right to correct and amend its record by nunc pro tunc entry to faithfully portray and recite its judgment as actually entered. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Mahaley v. Jenkins, 369 S.W.2d 846 (Tex.Civ.App.—Waco 1963, no writ); Hillhouse v. Allumbaugh, 258 S.W.2d 826 (Tex.Civ.App.—Eastland 1953, writ ref'd n. r. e.). This power does not end at the expiration of the term of court, but may be exercised at any time, either during or after the term in which the judgment is rendered. Such power and right continue even though an appeal has been perfected and the case is pending in the Court of Civil Appeals. Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148 (1952); Panhandle Construction Company v. Lindsey, 123 Tex. 613, 72 S.W.2d 1068 (1934); Hillhouse v. Allumbaugh, supra; 33 Tex.Jur. 2d, Judgments, Section 28.

■ Generally, there should be no entry of a judgment nunc pro tunc unless evidence is adduced to show that the court did, in fact, announce or render the judgment that it is proposed to evidence correctly. In this connection, docket entries are the highest evidence of action taken and may furnish evidence sufficient to justify a nunc pro tunc entry. But in the absence of any statute requiring record evidence, it has been held that the entry may be made on the personal recollection of the judge, and that his recollection has the dignity and force of evidence. 33 Tex.Jur.2d, Judgments, Section 31.

■ The omission of the date of signing from a judgment is in the nature of a clerical error, which properly is corrected by nunc pro tunc judgment. Capitol Life Insurance Company v. Rutherford, 468 S.W.2d 535 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); Jackson v. Gish, 440 S.W.2d 121 (Tex.Civ.App.—Waco 1969, writ ref'd n. r. e.).

In Hays v. Hughes, 106 S.W.2d 724 (Tex.Civ.App.—Austin 1937, writ ref'd), a motion was filed to have a date of "October 14" shown in the written judgment changed to "October 15" by an entry of an order nunc pro tunc on the ground that the "October 14" date was a clerical error, and that judgment was actually pronounced and rendered on "October 15." The trial court entered such judgment nunc pro tunc as prayed. The appellate court, in affirming, stated:

"The findings of fact of the trial court in said hearing, together with the other evidence introduced, conclusively show that the judgment pronounced by the court was in fact made and rendered on Monday, October 15, 1934, and that the date recited in the judgment as drawn was but a clerical error.

"It is now settled law that the court has full power to correct such clerical errors, as contradistinguished from judicial errors, which latter he does not have power to correct in this sort of proceeding. The error here presented was manifestly and clearly but a clerical error and not in any sense a judicial error." 106 S.W.2d at 724.

See also: Polis v. Alford, 267 S.W.2d 918 (Tex.Civ.App.—San Antonio 1954, no writ); [1] Reavley & Orr, Trial Court's Power to Amend Its Judgments, 25 Baylor Law Review, 191 (1973).

■ Appellee's motion to dismiss this appeal is overruled.

W. H. Terrill was the father of J. W. Terrill, Sr., and the grandfather of J. W. Terrill, Jr.[2] W. H. Terrill owned a tract of approximately 329 acres of land in the southeastern part of Bexar County. W. H. Terrill died on August 26, 1966. Under date of June 26, 1961, he executed a will in which he devised the 329-acre tract to his son, J. W. Terrill, Sr., for and during his natural life, with a provision that upon the death of J. W. Terrill, Sr., such property should pass to and vest in the trustee therein named for the benefit of his grandchildren. The National Bank of Commerce of San Antonio was named as trustee in such will, and such bank was also appointed independent executor without bond. The will provided that the executor was authorized and empowered to sell, lease, manage, encumber, dispose of, deliver and convey at its discretion all or any portion of his estate.

By codicil dated November 8, 1963, W. H. Terrill designated his grandson, J. W. Terrill, Jr., as trustee in place of the National Bank of Commerce, and designated

---

1. This case is somewhat similar on the facts to the case before us and involves a motion to dismiss for alleged failure to file the record within the required 60-day period. The judgment contained a recitation: " 'On this the 25th day of January, A.D., 1954, came on . . . the above styled and numbered cause . . .,' " and below the judge's signature on the judgment is this notation: " 'Entered: Feby. 3, 1954.' " 267 S.W.2d at 919. In response to a motion to dismiss, appellants submitted a supplemental transcript containing a corrected judgment. The court overruled the motion to dismiss and noted that while the notation in the original judgment was not in substantial compliance with Rule 306a, stated: "However, the corrected judgment, contained in the tendered supplemental transcript, affirmatively shows by its recitals that such judgment was reduced to writing and *signed* by the trial judge on February 3, 1954. The corrected judgment is in substantial compliance with Rule 306a, and we have concluded to permit the filing of the supplemental transcript containing the same." 267 S.W. 2d at 919.

2. The parties are also referred to as J. W. Terrill, James W. Terrill, Sr., and James W. Terrill, Jr.

his son, J. W. Terrill, Sr., independent executor of such will.

Said will and codicil were admitted to probate in the Probate Court of Bexar County, and letters of testamentary were issued to J. W. Terrill, Sr., on October 3, 1966.

Thereafter, appellant filed a suit in eminent domain to condemn 182.15 acres out of the 329-acre tract, in which suit the named defendant was J. W. Terrill, Sr., individually and as independent executor and as trustee under the last will and testament of W. H. Terrill, deceased.[3] A judgment styled "Final Judgment" was entered in said suit on April 7, 1968, in which the court stated that the parties announced in open court that all matters of controversy had been agreed upon and settled. The court, in its judgment, decreed that said agreement of the parties be confirmed and made the judgment of the court; appellant was given a judgment for the fee simple estate in said 182.15 acres of land; and defendant was awarded the sum of $69,450, consisting of $58,655 as full compensation for the actual taking of the 182.15-acre tract, and $10,795 for damages inflicted upon the remainder of defendant's tract. The judgment further recites that possession had already been surrendered to plaintiff by defendant, and that the amount of said award had already been paid to defendant by plaintiff. It appears from the record that the said J. W. Terrill, Sr., thereafter appropriated said funds to his own use; and that upon learning of the misappropriation, the appellee herein brought an action to have his father removed as independent executor of said estate. J. W. Terrill, Sr., was removed as independent executor; and on August 23, 1971, J. W. Terrill, Jr., was appointed successor independent executor of the estate of W. H. Terrill.

Subsequently, on September 9, 1971, J. W. Terrill, Jr., individually and as independent executor and as future trustee under the last will and testament of W. H. Terrill, brought suit against J. W. Terrill, Sr., and the City Public Service Board of the City of San Antonio, seeking to recover damages against J. W. Terrill, Sr., for conversion of funds of the estate of W. H. Terrill, deceased, and for exemplary damages, and against the City Public Service Board on a theory of negligence.

On October 17, 1971, a default judgment was entered against J. W. Terrill, Sr., in favor of James W. Terrill, Jr., as independent executor of the estate of W. H. Terrill, deceased, and as trustee under the last will and testament of the said W. H. Terrill, in the sum of $69,450 as actual damages sustained as a result of the conversion of such amount by the defendant, J. W. Terrill, Sr., and in the sum of $25,000 as exemplary damages.[4] The court found in this judgment that the suit brought by the plaintiff in this proceeding involved two separate and distinct causes of action, one against defendant, J. W. Terrill, Sr., for conversion, and the other against the City Public Service Board of the City of San Antonio, Texas; that said causes of action were completely severable; and the court severed said two causes of action. Thereafter, a nonsuit was taken by appellee in the severed suit against the City Public Services Board, and the suit was dismissed without prejudice.

The trial court's judgment in the suit involved herein provides that the awarded amount of $69,450 be paid by appellant to a receiver therein appointed; that $23,150 of such amount be paid by such receiver to appellee's attorneys; that the receiver take the remaining sum of $46,300, invest it, and after the deductions for expenses, pay the net revenue thereon to the City Public Service Board for so long as J. W. Terrill, Sr., shall live; and that upon his death, the receiver pay over the whole of the trust estate then in his hands to J. W. Ter-

---

3. In actuality, J. W. Terrill, Jr., was the named trustee under the will of W. H. Terrill, rather than J. W. Terrill, Sr.

4. The record discloses that no part of said judgment has ever been collected.

rill, Jr., or a successor trustee, who shall manage the trust as provided in the last will and testament of W. H. Terrill.

Appellant asserts three points of error which seek a reversal and rendition of the judgment herein, all of which are somewhat akin. By its first two points of error, appellant asserts that the condemnation suit was in all things binding on appellee because: (a) appellant obtained a valid and binding judgment against J. W. Terrill, Sr., trustee under the last will and testament of W. H. Terrill in the condemnation proceedings; and when the interests of a trustee and beneficiaries are not adverse, a judgment against the trustee binds the beneficiaries under the doctrine of virtual representation; and (b) since the independent executor of the will of W. H. Terrill was given full power to sell, lease, manage, encumber, dispose of, deliver and convey property at his discretion, his entry into a voluntary settlement agreement and consent judgment constituted a valid sale of the land to appellant. By its third point of error, appellant asserts that the suit brought by appellee against J. W. Terrill, Sr., and appellant, in which judgment was rendered against J. W. Terrill, Sr., in the amount of $69,450 for actual damages, and in the amount of $25,000 for exemplary damages, bars appellee from maintaining the present suit under the doctrines of res judicata, estoppel by judgment and election of remedies.

Appellant asserts vigorously that to allow appellee to recover in this suit would permit him to obtain a double recovery and would force appellant to pay twice for the same property, in contravention of all rules of law and equity.

We hold that appellee is barred from any recovery herein under the doctrines of judgment by estoppel and election of remedies.

■ The rule of collateral estoppel, or as sometimes phrased, estoppel by judg-

ment, bars relitigation in a subsequent action upon a different cause of action of fact issues actually litigated and essential to a prior judgment. It has been said that the rule rests upon equitable principles and upon the broad principles of justice. Benson v. Wanda Petroleum Co., 468 S.W.2d 361 (Tex.1971).

Our Supreme Court, in the case of Long v. Knox, 155 Tex. 581, 585, 291 S.W.2d 292, 295 (1956), said:

> "The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and sound public policy. It is to be distinguished from equitable estoppel based on inconsistency in judicial proceedings because the elements of reliance and injury essential to equitable estoppel need not be present. 'Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made.' 31 C.J.S. Estoppel § 121 . . . ."

It is not necessary that a party invoking this doctrine should have been a party to the former proceeding. Long v. Knox, supra.

■■ An election of remedies is the act of choosing between two or more inconsistent modes of procedure and relief allowed by law on the same state of facts. When a party thus chooses to exercise one of them, he abandons his right to exercise the other and is precluded from resorting to it. Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas, 491 S.W.2d 869 (Tex. 1973); Mosher Mfg. Co. v. Eastland, W. F. & G. R. Co., 259 S.W. 253 (Tex.Civ. App.—El Paso 1924, writ ref'd). If one having the right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value un-

der the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. Seamans Oil Co. v. Guy, 115 Tex. 93, 276 S.W. 424 (1925).

 In his suit against J. W. Terrill, Sr., appellee maintained and took the position that J. W. Terrill, Sr., had misappropriated and converted funds belonging to the estate in the sum of $69,450;[5] that said sum represented monies to which he was entitled to as remainderman; and that J. W. Terrill, Sr., was liable to him in this amount.[6] Appellee necessarily maintained then that the interest covered was not only the life estate, but also the remainder interest, as he sought and recovered judgment for $69,450, the entire amount of the award in the condemnation suit. In the present suit, appellee contends that the condemnation proceedings were effective only to acquire the life estate of J. W. Terrill, Sr., and did not divest him of or affect his remainder interests; and that appellant is liable to him in the sum of $69,450 for the taking and wasting of his remainder interests by converting it into a lake project. This position is inconsistent with the position taken by him in his previous suit against J. W. Terrill, Sr., where he asserted that he was entitled to recover from J. W. Terrill, Sr., the amount of $69,450 as funds belonging to him as remainderman.[7]

Under the doctrine of judicial estoppel, appellee is judicially estopped, having taken the position above outlined and the court having rendered judgment upholding such position. He has also made an elec-

tion of remedies which bars him from maintaining the present suit.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.

---

5. We do not concern ourselves herein with that part of the suit which was dismissed.

6. In his pleadings in such suit, appellee alleged that J. W. Terrill, Sr., acquired the proceeds from the condemnation suit in the amount of $69,450, spent, squandered and wasted the proceeds without regard to the remainder interest of the grandchildren, and is guilty of conversion of monies and assets of the estate; and appellee asked for judgment in the amount of $69,450.

7. In both suits, appellee was suing individually, as independent executor of the estate of W. H. Terrill, and as trustee under the last will and testament of W. H. Terrill; and although appellee is sometimes referred to herein as "he" or "him," all references include all interests represented by him in such suit.