Curtis REINTSMA, Appellant,

v.

GREATER AUSTIN APARTMENT MAINTENANCE et al., Appellees.

GREATER AUSTIN APARTMENT MAINTENANCE et al., Appellants,

v.

Curtis REINTSMA, Appellee.

Nos. 12514, 12526.

Court of Civil Appeals of Texas, Austin.

March 30, 1977.

Rehearing Denied in 12514 April 20, 1977.

Jerry Frank Jones, Basham, Owen & Jones, Elgin, for Curtis Reintsma, appellant and cross-appellee.

Mary Ellen Felps, Austin, for Greater Austin Apartment Maintenance, C. H. Chee

and E. K. Chee, appellees and cross-appellants.

O'QUINN, Justice.

This lawsuit, resulting in appeals by both parties which are now consolidated for disposition, involves an action brought to recover a security deposit of $80 on an apartment rental, together with statutory penalties and attorney's fees.

The tenant appeals from a judgment entered May 5, 1976, solely on the ground that the attorney's fees awarded were inadequate, and the landlord appeals from a judgment dated June 17, 1976, attacking the judgment on two grounds.

By inference only are we able to assume now, after oral argument and filing of postsubmission briefs by both parties, that the parties intend appeals to be from a judgment *nunc pro tunc* entered by the trial court November 4, 1976, purporting to set aside "all prior judgments in this cause."

Curtis Reintsma brought this suit in April of 1975 against Greater Austin Apartment Maintenance, a partnership composed of C. H. Chee and E. K. Chee. Although Reintsma did not plead the statute under which penalties and attorney's fees were sought, the record discloses that Article 5236e, V.A. C.S. (Acts 1973, 63rd Leg., p. 1182, ch. 433, eff. Sept. 1, 1973) provided the grounds for suit.

Section 4(a) of Article 5236e provides: "A landlord who in bad faith retains a security deposit in violation of this Act is liable for $100 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant, and shall be liable for reasonable attorneys fees in a lawsuit to recover the security deposit."

The cause was tried before the court without aid of a jury on December 12, 1975. The record reveals a series of five judgments thereafter, the first being unsigned and undated, and the last being the judgment *nunc pro tunc* in November of 1976, purporting to set aside the prior judgments.

The trial court's docket reflects an entry dated December 12, 1975, which reads:

"Judgment for Plf in amount of $340.00 plus $340.00 atty fees JFD jr." The first signed judgment shows a date of April 30, 1976; the second judgment was dated May 5, 1976; and a third judgment, termed "Final Judgment," was dated June 17, 1976. It is not necessary to repeat details of each judgment in disposing of this appeal, but it is sufficient to note that each entry was defective, and later set aside by the order *nunc pro tunc.*

After an undated judgment, followed by a menstrual sequence of judgments in April, May, and June, no further attempt at a judgment was made until the judgment *nunc pro tunc* was entered November 4, 1976.

Meanwhile, however, Reintsma's attorney had given notice of appeal from the judgment of May 7, 1976, and had posted cash in lieu of bond on June 1, 1976. Attorney for the Chee partners gave notice of appeal from the judgment of June 17, 1976, and filed supersedeas and cost bond dated July 27, 1976.

In giving written notice of appeal in May of 1976, Reintsma, through counsel, made it clear that appeal was from the "Court's ruling on attorney's fees" only, and that on appeal appellant would ask that his attorney "be awarded attorney's fees of $680.00 for work done to date of trial, for $500.00 for work done in making appeal and $150.00 for work done enforcing judgment, if such work is necessary."

■ Premature posting of bond and making cash deposit in lieu of bond, are not ineffective because filed prior to entry of the judgment *nunc pro tunc* in November, 1976, after records and briefs had been filed with the Clerk of this Court. *Panhandle Construction Co. v. Lindsey,* 123 Tex. 613, 72 S.W.2d 1068, 1072 (1934); Reavley and Orr, *Trial Court's Power to Amend Its Judgments,* 25 Baylor L.Rev. 191 (1973). We find the errors sought to be corrected by the judgment *nunc pro tunc* were clerical in nature and a judgment "now for then" was the proper procedure to cause the record to speak the truth. *Hays v.*

*Hughes,* 106 S.W.2d 724 (Tex.Civ.App. Austin 1937, writ ref'd); *City of San Antonio v. Terrill,* 501 S.W.2d 394, 397 (Tex.Civ.App. San Antonio 1973, writ ref'd n. r. e.).

We dispose first of the appeal by Reintsma complaining of an inadequate award of attorney's fees. Appellant contends the trial court abused its discretion in not allowing a fee of $680, instead of $340, plus $500 for making an appeal and allowance of $150 to enforce judgment if such work becomes necessary. We overrule these contentions.

Although this Court has power to suggest remittitur of an *excessive* allowance as condition to affirmance, we are not authorized to *increase* the trial court's allowance of attorney's fees. *Grimes v. Robitaille,* 288 S.W.2d 211, 213 (Tex.Civ.App. Galveston 1956, writ ref'd n. r. e.). Allowance of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed without showing that the court abused its discretion. *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex. Civ.App. Houston (14th Dist.) 1968, writ ref'd n. r. e.).

We must assume that in exercise of its discretion the trial court considered the established elements, discussed by this Court in *McFadden v. Bresler Malls, Inc.,* 526 S.W.2d 258, 263–4 (Tex.Civ.App. Austin 1975, no writ), in determining reasonable attorney's fees. The trial court no doubt further took into consideration the recognized rule that award of attorney's fees when imposed by statute is in the nature of a penalty, the fixing of which should rest largely within the court's discretion.

We note that the judgment *nunc pro tunc* provides that "Plaintiff's attorney is hereby awarded the sum of $420.00 representing an $80.00 award of attorney's fees pursuant to work performed as a result of Plaintiff's Motion to Strike and Compel—Second and $340.00 as an amount equal to the damages awarded to the Plaintiff above." In his brief, filed prior to the November judgment, counsel for Reintsma complains that the trial court "awarded only $340.00 as attorney's fees," whereas, counsel argues,

proof had been made to support an award of $680. It appears undisputed, however, that the trial court relied, not only on the docket sheet, but also upon his "own recollection" of pronouncements upon conclusion of trial in December of 1975, in entering the judgment *nunc pro tunc* on November 4, 1976. Thus this last judgment corrected clerical errors. 4 McDonald, *Texas Civil Practice,* sec. 17.08.1 (1971).

This Court has authority, in looking at the entire record to determine whether an award of attorney's fees is excessive, to draw on the common knowledge of the justices of the Court and their experience as lawyers and judges, and to view the matter in the light of the testimony, the record, and the amount in controversy. *Southland Life Ins. Co. v. Norton,* 5 S.W.2d 767, 769 (Tex.Comm'n App.1928, holding approved). We regard as excessive any award exceeding $340 for attorney's fees.

We now consider the appeal brought by defendants below, by which they offer two points of error. The basis of the appeal is that punitive damages, as provided by statute, were not justified because no evidence or insufficient evidence supported a claim of bad faith on the part of the landlords in withholding the deposit. Both points of error are leveled at the judgment of June 17, 1976, which was set aside by the judgment *nunc pro tunc* of November 4, 1976.

These contentions of the landlord appellants are not supported by the record. The trial court found that there was bad faith on the part of the landlords in withholding the deposit, and we find evidence in the record of prolonged refusal, without excuse, to return the deposit. No proof was made of damages to the premises, or other basis for withholding all or any part of the deposit. We conclude that the trial court properly applied the statute against landlords who in bad faith retained the security deposit in violation of the statute. The damages awarded followed the statute. The points of error are overruled.

We return now to the matter of attorney's fees. As already stated, we regard as

excessive any amount in excess of $340 as award for attorney's fees. In this conclusion we have proceeded as required by the rule of *Southland Life.* Pursuant to our duty under Rule 440, we suggest remittitur of an award of attorney's fees in excess of $340. If Reintsma through counsel files in this Court, within fifteen days from date of this opinion and judgment, a remittitur of $80, the judgment of the trial court will be reformed and affirmed for the sum of $340 as award for attorney's fees, and will be in all other things affirmed. If remittitur is not filed, the judgment will be reversed on the matter of attorney's fees only, and we will remand the cause for proceedings on that issue alone.

Judgment affirmed on condition remittitur be filed.

### ON REHEARING

■ Curtis Reintsma failed to file a remittitur of $80 within fifteen days from date of our original opinion filed March 30, 1977. Reintsma did file, without remittitur, motion for rehearing on April 14, 1977. The motion for rehearing is overruled, and judgment of the trial court is reversed on the award of attorney's fees, which this Court has found to be excessive, and on that issue alone. The cause is remanded for trial, solely on the issue of attorney's fees for Reintsma's counsel, in conformity with the opinion of this Court.

Judgment of the trial court is affirmed in part and reversed in part. The cause is remanded for trial on the issue of attorney's fees.