## POLIS v. ALFORD.

No. 12717.

Court of Civil Appeals of Texas.

San Antonio.

May 5, 1954.

Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

J. F. Carl, Edinburg, for appellee.

PER CURIAM.

The transcript and statement of facts were received by the Clerk of this Court on March 30, 1954. Appellee has filed a motion to dismiss this appeal on the ground that the record was not filed within the time prescribed by Rule 386, Texas Rules of Civil Procedure. The question before us

relates to the date from which the sixty-day period set forth in the rule mentioned should be computed.

In reply to the motion to dismiss, appellant has submitted a supplemental transcript containing a corrected judgment.

The judgment contained in the original transcript recites that, "On this the 25th day of January, A.D., 1954, came on to be heard upon regular setting and at a regular term of this Court, the above styled and numbered cause for trial * * *." It is indicated that such trial was had and concluded and judgment rendered on the day mentioned.

There appears below the judge's signature to the judgment, this notation: "Entered: Feby. 3, 1954."

 This notation is not in substantial compliance with Rule 306a, Texas Rules of Civil Procedure, which provides that when a judgment is "reduced to writing and *signed* by the trial judge *and the date of signing stated therein"*, such date may be taken as the date of rendition of judgment for the purpose of determining the periods within which the various steps of an appeal may be taken. The term "entered" is not synonymous with the word, "signed", but has a definite fixed legal meaning and refers to the ministerial act of the clerk of a court in spreading the judgment upon the minutes. Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818, and authorities therein cited.

However, the corrected judgment, contained in the tendered supplemental transcript, affirmatively shows by its recitals that such judgment was reduced to writing and *signed* by the trial judge on February 3, 1954.

The corrected judgment is in substantial compliance with Rule 306a, and we have concluded to permit the filing of the supplemental transcript containing the same. As the commencement of the sixty-day period may properly be computed from February 3, 1954, the date the judgment was reduced to writing and *signed* by the trial judge, the transcript and statement of facts

presented here on March 30, 1954, was within the time prescribed by Rule 386, and the motion to dismiss is accordingly overruled.

Motion to file supplemental transcript granted.

Motion to dismiss appeal overruled.