**TRAYLOR BROTHERS, INC., Appellant,**

v.

**Simona R. GARCIA, Administrator of the Estate of Elva Garcia Alaniz; Elias Alaniz, as Representative of the Estate of Flavio Flores Alaniz; Simona R. Garcia, as next friend of Elizabeth Alaniz, Edith Alaniz, and Flavio Flores Alaniz, Jr., Minor Children; and Eladio Alaniz, as Guardian of the Estate of Elizabeth Alaniz, Edith Alaniz, and Flavio Flores Alaniz, Jr. Minor Children, Appellees.**

No. 04–97–00179–CV.

Court of Appeals of Texas,
San Antonio.

June 18, 1997.

Andrew T. McKinney, IV, Kim A. Cooper, Kurt Groten, Evelyn T. Ailts, Phillips & Akers, P.C., Houston, for Appellant.

Baldemar Garza, Garza & Montalvo, Rio Grande City, David C. Garza, Garza & Garza, Brownsville, Catherine W. Smith, Ramon Garcia, Felipe Garcia, Jr., Law Office of Ramon Garcia, P.C., Edinburg, Craig S. Smith, Donald B. Edwards, Smith & Edwards, Corpus Christi, for Appellees.

Before HARDBERGER, C.J., and DUNCAN and ANGELINI, JJ.

## OPINION ON MOTION TO DISMISS

DUNCAN, Justice.

Simona Garcia, Administrator of the Estate of Elva Garcia Alaniz; Elias Alaniz, as Representative of the Estate of Flavio Flores Alaniz; Simona R. Garcia, as next friend of Elizabeth Alaniz, Edith Alaniz, and Flavio Flores Alaniz, Jr., Minor Children; and Eladio Alaniz, as Guardianof the Estate of Elizabeth Alaniz, Edith Alaniz, and Flavio Flores Alaniz, Jr., Minor Children ("Garcia"), have filed a motion to dismiss the appeal of Tray-

lor Brothers, Inc. ("Traylor Brothers"), arguing that an incorrect date in a judgment may not be corrected by a judgment nunc pro tunc; therefore, Traylor Brothers' appeal was not timely perfected. We deny Garcia's motion in accordance with *Polis v. Alford,* 267 S.W.2d 918, 919 (Tex.Civ.App.—San Antonio 1954, no writ) (per curiam), in which this court expressly held that a judgment nunc pro tunc correcting an improper date was "in substantial compliance with Rule 306a" and proper to establish the correct date a judgment was signed. *Id.*

### FACTUAL AND PROCEDURAL BACKGROUND

Garcia sued Traylor Brothers for the wrongful death of Flavio Flores Alaniz. At the conclusion of trial, the jury returned a verdict in favor of Garcia. Thereafter, Garcia's counsel submitted a proposed judgment. Although the judgment indicates it was signed by the trial judge on the pre-printed date of October 4, 1997, the trial judge's cover letter to counsel enclosing the judgment states he did not actually sign the judgment until November 15, 1996.

For purposes of the appellate timetable, Traylor Brothers treated the judgment as having been signed on November 15 and did not perfect its appeal until November 25, 1996—after the time for perfecting an appeal from a judgment signed October 4. Accordingly, this court issued an order requiring Traylor Brothers to show cause why the appeal should not be dismissed for want of jurisdiction. In response to this order, Traylor Brothers asked the trial court to sign a judgment nunc pro tunc to correct the error in the signing date. At the ensuing hearing, the trial judge unequivocally confirmed he did not sign the judgment until November 15; he therefore signed a corrected judgment reflecting the November 15 signing date and a certificate pursuant to subsection 2 of Rule 306a, TEX. R. CIV. P., to the same effect. Garcia has now filed a motion to dismiss, arguing Traylor Brothers was required to raise the incorrect signing date in a timely motion for new trial, and its failure to do so rendered the October 4 judgment final and unappealable thirty days thereafter pursuant to *Inglish v. Union State Bank,* 40 TEX. SUP. CT. J. 234, 945 S.W.2d 810 (1997) and *Mafrige v. Ross,* 866 S.W.2d 590 (Tex. 1993).

### DISCUSSION

Garcia misperceives the import of *Mafrige* and *Inglish.* These opinions, and other similar ones, concern the **finality** of a summary judgment—that is, whether it is appealable at all. They do not address the **timeliness** of a perfection instrument—that is, when to perfect. Nor do they address the precise issue involved here—whether an incorrect date may be corrected by a judgment nunc pro tunc. In this situation, the governing law is that contained in Rules 316 and 329b(f), TEX.R. CIV. P., and interpretative case law.

"Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case," TEX.R. CIV. P. 316, "at any time," including after the expiration of the trial court's plenary power. TEX.R. CIV. P. 329b (f); *see, e.g., Escobar v. Escobar,* 711 S.W.2d 230 (Tex.1986). "Dates contained in judgments have been held on many occasions to be the type of errors that are correctable by judgment nunc pro tunc." *Ortiz v. O.J. Beck & Sons, Inc.,* 611 S.W.2d 860, 863 (Tex. Civ.App.—Corpus Christi 1980, no writ) (collecting cases). Indeed, this court long ago expressly adopted this well-established rule in *Polis v. Alford,* 267 S.W.2d 918, 919 (Tex. Civ.App.—San Antonio 1954, no writ) (per curiam).

In *Polis,* the text of the judgment indicated it was rendered on January 25, 1954; however, a notation below the trial judge's signature stated the judgment was "entered" February 3, 1954. *Id.* Using the January 25 date for purposes of the appellate timetable, the appellee, Alford, filed a motion to dismiss Polis' appeal because the record had not been timely filed. *Id.* In response, Polis sought leave to file a supplemental transcript containing a judgment nunc pro tunc reflecting the judgment was not signed until February 3. *Id.* This court granted leave and denied Alford's motion to dismiss, holding the trial court's judgment nunc pro tunc was "in substantial compliance with Rule 306a" and thus

proper to establish the correct date of signing as February 3. *Id.* So it is here.

CONCLUSION

The judgment nunc pro tunc properly establishes the judgment on appeal was signed November 15, 1997. Accordingly, Traylor Brothers timely perfected its appeal, and Garcia's motion to dismiss is denied.