**Affirmed and Opinion Filed August 7, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00298-CV**

**VENKY VENKATRAMAN, Appellant**
**V.**
**STEPHEN D. SKINNER AND JYOTI MASUREKAR, Appellees**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-11968-V**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Partida-Kipness

Appellant Venky Venkatraman contends his ex-wife, Jyoti Masurekar, and her counsel, Stephen Skinner, filed fraudulent child support liens against him with the intent to cause him financial injury, mental anguish, and emotional distress. In this appeal, Venkatraman challenges the trial court's March 10, 2022 Order, which confirmed a November 11, 2021 corrected child support lien and a child support arrears judgment of $15,215.00, overruled Venkatraman's objections to the corrected child support lien, and denied his request for damages under section 12.002(b) of the Texas Civil Practice and Remedies Code. We affirm.

# BACKGROUND

Venkatraman and Masurekar divorced on June 1, 2005. They have two children, both of whom are now over the age of eighteen.[1] The ex-spouses' high-conflict relationship and contentious custody battle resulted in the filing of numerous appeals and original proceedings in this Court. *See In re S.V.*, No. 05-19-00548-CV, 2022 WL 696815, at *1 (Tex. App.—Dallas Mar. 8, 2022, pet. denied) (mem. op.) (collecting cases). Venkatraman's failure to pay court-ordered child support and objections to various child support liens and child support orders have been addressed in previous appellate proceedings. The current appeal relates to child support liens filed against Venkatraman for recovery of a May 6, 2019 judgment for child support arrearages calculated as of November 15, 2018.

In a May 6, 2019 "Order Modifying Parent-Child Relationship and Confirming Child Support Arrearages" (the May 6 Order), the trial court confirmed Venkatraman "is in arrears in the payment of child support to [Masurekar] in the amount of $15,215.00" as of November 15, 2018,[2] and granted Masurekar a cumulative judgment for those arrearages. Venkatraman appealed the May 6 Order but did not challenge the portion of the May 6 Order relating to the $15,215.00 in child support arrearages. *See In re S.V.*, No. 05-19-00548-CV, 2022 WL 696815, at *1, n. 1 (Tex. App.—Dallas Mar. 8, 2022, pet. denied) (mem. op.) (appeal of May 6

---

[1] This appeal does not relate to the children.

[2] The amount of child support owed after November 15, 2018, is not at issue in this appeal.

Order). Venkatraman appealed only the portion of the May 6 Order denying his request for a reduction in the amount of child support. *Id.* at *1. This Court affirmed the May 6 Order. *Id.* at *5.

On October 19, 2021, while the appeal of the May 6 Order was pending, Skinner and Masurekar filed a child support lien referencing the May 6 Order's judgment for arrearages of $15,215.00. The October 19, 2021 lien, however, incorrectly listed May 8, 2019, as the date of the order that determined the arrearages. Venkatraman filed objections to the October 19, 2021 lien on November 8, 2021. He complained the lien was fraudulent because it stated the arrearages arose from an order dated May 8, 2019, but no order was issued that day. To correct the error, Skinner and Masurekar filed a corrected child support lien on November 11, 2021 (the Corrected Lien), which stated the correct date of May 6, 2019.

Venkatraman filed objections to the Corrected Lien on December 9, 2021. He argued the Corrected Lien was fraudulent because the trial court found in the January 22, 2021 Judgment that the amount of arrearages in a March 8, 2019 lien were incorrect and ordered Masurekar and Skinner to vacate the March 8, 2019 lien. To support his argument the Corrected Lien was fraudulent, he cited the following language on pages three to four of the January 22, 2021 Judgment:

> The Court incorporates the prior Associate Judge's Report of May 14, 2019, which was reduced to the Order of May 14, 2019 (and signed on January 22, 2021), related to the Notice of Child Support Lien, document number 201900058103, filed on March 8, 2019, in the property records of Dallas County, Texas.

Based on this Order, the Court ORDERS Defendants, Jyoti Masurekar and Stephen D. Skinner, to VACATE this Child Support Lien because the Court FINDS that arrearages amount in that document to be incorrect.

Venkatraman asserted in his objections to the Corrected Lien that appellees did not vacate the Notice of Child Support Lien referenced above and filed as document number 201900058103 (the March 8 Notice) and, therefore, could not file a new lien for the same amount. The March 8 Notice[3] however, did not mention the arrearages of $15,215.00. Rather, the March 8 Notice listed arrearages of $17,900.00 as of February 7, 2019, and stated the arrearages consisted of twenty months of unpaid child support, from July 1, 2017 through February 7, 2019. The March 8 Notice also listed December 15, 2017, as the date of the order determining child support obligations.

Nonetheless, Venkatraman asked the trial court to find the Corrected Lien fraudulent because it was purportedly identical to the March 8 Notice. He also asked the trial court to order the Corrected Lien vacated and struck from Dallas County property records, and to award him damages under Chapter 12 of the Texas Civil Practice and Remedies Code.

---

[3] The March 8 Notice is not included in the appellate record. It is, however, available on-line at the Dallas County Clerk's website. These records are publicly available and are not subject to reasonable dispute because the information can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Alsobrook v. MTGLQ Inv'rs, LP*, 657 S.W.3d 327, 330 (Tex. App.—Dallas 2021), reh'g denied (Dec. 23, 2021), review granted, decision aff'd as modified, 656 S.W.3d 394 (Tex. 2022). As such, we take judicial notice of these records and the facts they contain. *See id.*

On January 4, 2022, the trial court held a hearing on Venkatraman's objections. At the January 4, 2022 hearing, Venkatraman again complained the Corrected Lien should be vacated because it was "the duplicate lien" of a lien the trial court ordered to be vacated in the January 22, 2021 Judgment. He did not, however, mention the March 8 Notice at the hearing. Instead, he complained of a different lien, which he described as the "last lien from the last judgment -- the last lien from the last judgment to be vacated as I drafted in my order." In a proposed order filed January 24, 2022, Venkatraman included orders requiring Masurekar and Skinner to vacate the October 19, 2021 Lien, the Corrected Lien, and the "Amended Child Support Lien document number 201900156916,[4] filed on June 19, 2019, in the property records of Dallas County, Texas, . . ." Construing his statements at the hearing and the proposed order together, we conclude Venkatraman's complaint at the January 4, 2022 hearing related to the June 19 Amended Lien and not the March 8 Notice. The June 19 Amended Lien states:

> As of November 15, 2018 Respondent Venky Venkatraman owes unpaid child support in the amount of Fifteen Thousand Two-Hundred Fifteen Dollars and NO/100 cents ($15,215.00).

The June 19 Amended Lien also lists May 6, 2019 as the date of the order that determined the child support obligation. In the January 22, 2021 Judgment, the trial court ordered the June 19 Amended Lien vacated because "it does not account for

---

[4] We will refer to the "Amended Child Support Lien document number 201900156916, filed on June 19, 2019," as the June 19 Amended Lien.

the supersedeas bond of $7,015.00, held on behalf of Plaintiff in regard to an appeal related to this case, docketed under Appellate Docket No. 05-19-00548-CV." At the January 4, 2022 hearing, Venkatraman argued the supersedeas bond language of the June 19 Amended Lien showed the trial court had previously determined $15,215.00 in arrearages was incorrectly calculated and, therefore, the Corrected Lien was also incorrect:

> This issue regarding whether this supersedeas bond will go towards this [sic] arrearages -- so-called arrearages or not was already ruled upon when you ruled in January -- the January 2020 [sic] order that this needs to be vacated. This is the same order -- the same lien as the one that you already vacated. It's a duplicate.

In response, Masurekar and Skinner asserted the supersedeas bond filed with Venkatraman's appeal of the May 6 Order was unrelated to and had no impact on the $15,215.00 in arrearages owed. They maintained the bond secured only the child support awards appealed by Venkatraman in appellate cause number 05-19-00548-CV, which did not include the arrears of $15,215.00.

Venkatraman also told the court the Corrected Lien "needs to be vacated. You cannot correct one lien with another lien." He argued damages are automatic when a lien is filed against someone:

> Filing liens, whether deliberately or inadvertently -- filing liens which have got errors in them, and then clearly a financial difficulty, and creating mental anguish.

> All of those things automatically happen when somebody files liens against you.

The trial court made the following ruling on the record at the close of the January 4, 2022 hearing:

> So at this point, the Court is going to order that the parties make sure that the order that I issue[d] on January 22nd, 2021 is filed among the deed records, to make sure that all the liens are addressed. I don't find any fraud in the presentation of the case regarding any of these additional liens. So any request for damages, denied.
>
> I'm going to issue an order that the -- actually, that the lien of October the 19th, 2021 is superceded [sic] by the lien of November 11th, 2021. And therefore, the lien of 11/20/2021 is the effective lien and not the lien of October 19th, 2021.

The trial court then adjourned to hear matters in other cases set on the court's docket.

On March 10, 2022, the trial court heard additional arguments from counsel regarding Venkatraman's objections to the Corrected Lien and issued the March 10, 2022 Order. In that order, the trial court found (1) the trial court's May 6 Order stated Venkatraman owed $15,215.00 in child support arrearages, and (2) $15,215.00 was the correct amount of arrearages as of November 15, 2018. The trial court also made the following findings:

- Masurekar and Skinner did not file any fraudulent documents.

- Masurekar and Skinner did not intend to harm Venkatraman.

- Masurekar and Skinner are not liable under Chapter 12 of the civil practice and remedies code because there is no evidence of an intent to defraud in filing a child support lien.

- The incorrect date for the judgment in the October 19, 2021 lien was "a minor deficiency" that Masurekar and Skinner "recognized and corrected in a subsequent filing."

- The November 11, 2021 Corrected Child Support Lien included the correct judgment date.

–7–

- Masurekar and Skinner intended the Corrected Lien to supersede the October 19, 2021 lien.

- The Corrected Lien "reciting a child support arrears judgment of $15,215.00 as of November 15, 2018, contained in an order signed on May 6, 2019 is a valid and existing child support lien as filed, containing all required elements and correctly stating the amount of adjudicated arrears owed" by Venkatraman to Masurekar.

At the March 10, 2022 hearing, Venkatraman asked the trial court to consider his objections to two abstracts of judgment filed by Masurekar and Skinner. The trial court declined to consider those arguments because they were not before the court at the January 4, 2022 hearing. The March 10, 2022 Order does not reference the objections to the abstracts of judgment. Venkatraman now appeals the March 10, 2022 Order.

## STANDARD OF REVIEW

Venkatraman argues the record includes evidence establishing the liens were defective, fraudulent, or invalid, and appellees intended to cause him financial injury, mental anguish, or emotional distress. Venkatraman frames his appellate issues as the trial court abusing its discretion by not vacating liens filed by Masurekar and Skinner and failing to award Venkatraman damages pursuant to section 12.002(b) of the civil practice and remedies code. We construe those arguments as challenges to the legal and factual sufficiency of the evidence to support the trial court's rulings and apply the appropriate standard of review.

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which the party had the burden of proof, it must show the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When addressing a legal sufficiency challenge, we view the evidence in the light most favorable to the challenged finding—crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

When it comes to factual sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding. *R.J. Suarez Enters. Inc. v. PNYX L.P.*, 380 S.W.3d 238, 245 (Tex. App.—Dallas 2012, no pet.). When a party attacks the factual sufficiency of the evidence on an issue on which he has the burden of proof, he must demonstrate on appeal the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co.*, 46 S.W.3d at 242. We consider and weigh all the evidence, and we may set aside a verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*; *Foote v. Texcel Expl., Inc.*, 640 S.W.3d 574, 583 (Tex. App.—Eastland 2022, no pet.).

For both legal and factual sufficiency challenges, an appellate court defers to the fact finder's determination regarding the witnesses' credibility and the weight accorded their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (legal sufficiency); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (factual sufficiency). In a bench trial, the trial court is the sole judge of the credibility of the witnesses and may resolve any inconsistencies in the testimony as well as determine the weight of the evidence. *Tex. Champps Americana, Inc. v. Comerica Bank*, 643 S.W.3d 738, 744 (Tex. App.—Dallas 2022, pet. denied); *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied).

## ANALYSIS

Venkatraman appeals the March 10, 2022 Order. He specifically challenges the trial court's denial of his request for an order vacating four child support liens[5] and denial of relief under Chapter 12 of the Texas Civil Practice and Remedies Code. We will address each argument in turn.

---

[5] In his appellate briefing, Venkatraman argues the trial court should have vacated four child support liens filed by Masurekar and Skinner. He does not, however, identify which four liens he is challenging. In relation to the March 10, 2022 Order, the record shows he challenged two liens in the trial court: the October 19, 2021 lien, and the Corrected Lien. The trial court addressed the objections to those liens and no others at the January 4, 2022 hearing, the March 10, 2022 hearing, and in the March 10, 2022 Order. We conclude the only objections before the trial court on January 4, 2022, and March 10, 2022, were those made regarding the October 19, 2021 lien and the Corrected Lien. Those are, therefore, the only rulings before us on appeal. To the extent Venkatraman is complaining about two abstracts of judgment filed by Masurekar and Skinner, we decline to address those arguments because the trial court refused to rule on objections to the abstracts of judgment at the March 10, 2022 hearing and included no rulings regarding the abstracts in the March 10, 2022 Order.

## I.     The child support liens

Venkatraman asserts two reasons to reverse the trial court's rulings on the validity of the October 19, 2021 lien and the Corrected Lien. First, he contends the liens should have been vacated because appellees' counsel admitted the liens were defective, fraudulent, or invalid. Counsel made no such admission. On the contrary, appellees' counsel argued the inclusion of the incorrect judgment date in the October 19, 2021 lien was only "a minor deficiency" and was not fraudulent as a matter of law. Appellees' counsel further stated no documents filed by appellees were fraudulent. The trial court agreed and specifically found the incorrect judgment date included in the October 19, 2021 lien was "a minor deficiency" Masurekar and Skinner "recognized and corrected in a subsequent filing." The record supports that finding. Masurekar and Skinner corrected the error by filing the Corrected Lien when Venkatraman brought the error to their attention through his objections.

Moreover, the misstated date in the October 19, 2021 lien was simply a clerical error. *See*, *e.g.*, *Traylor Bros., Inc. v. Garcia*, 949 S.W.2d 368, 369 (Tex. App.—San Antonio 1997, no writ) ("Dates contained in judgments have been held on many occasions to be the type of errors that are correctable by judgment nunc pro tunc.") (quoting *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 863 (Tex. Civ. App.—Corpus Christi–Edinburg 1980, no writ)). "A clerical error is one which does not result from judicial reasoning or determination." *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988) (citation omitted). Here, the parties agree, and the record

undisputedly reflects, the order which included the amount of arrearages was signed on May 6, 2019, not May 8, 2019. Venkatraman presented no evidence appellees' inclusion of the incorrect date was anything other than a clerical error. We conclude the erroneous date in the October 19, 2021 lien was a clerical error which did not impact Venkatraman's substantial rights and did not render the lien fraudulent. *See Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 92 (Tex. App.—San Antonio 2008, no pet.) (incorrect arrest date in an administrative order was clerical error which did not impact the defendant's substantial rights); *see also Goldstein v. Tex. Dep't of Pub. Safety*, No. 04-06-00142-CV, 2006 WL 2871544, at *2 (Tex. App.—San Antonio Oct.11, 2006, no pet.) (mem. op.) (holding clerical error in ALJ order was not material and did not impair appellant's substantial rights).

Second, Venkatraman argues appellees were barred by res judicata from filing the Corrected Lien. According to Venkatraman, a party cannot re-file a lien after an identical lien is vacated. Venkatraman cites no legal authority, and we have found none, to support his argument.

Venkatraman bore the burden to prove the affirmative defense of res judicata. *See Cole v. Gwendolyn Parker, Inc.*, No. 05-13-01655-CV, 2015 WL 4626750, at *5 (Tex. App.—Dallas Aug. 4, 2015, no pet.) (mem. op.). Res judicata bars the relitigation of claims which have been finally adjudicated or could have been litigated in the prior action. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). The doctrine seeks to bring an end to litigation,

–12–

prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Barr v. Resol. Trust Corp.*, 837 S.W.2d 627, 629 (Tex. 1992).

A party relying on the affirmative defense of res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *see* TEX. R. CIV. P. 94. We review de novo a trial court's conclusion of law that res judicata did not apply under the undisputed facts. *See Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). We will not reverse a trial court's conclusion of law unless it is erroneous as a matter of law. *Id.* at 158.

Here, Masurekar and Skinner did not seek an alteration in the amount of arrearages previously determined when they filed the Corrected Lien. They did not seek to relitigate the arrearages, they merely sought to collect them. Further, the trial court did not alter the amount of arrearages previously determined when it ordered the June 19 Amended Lien vacated in the January 22, 2021 Judgment. The record shows the amount of arrearages due as of November 15, 2018 remained $15,215.00 and were not altered by the trial court. No relitigation of Venkatraman's obligation to pay those arrearages occurred here, and res judicata principles did not bar the trial court's resolution. *See George v. Jeppeson*, 238 S.W.3d 463, 473 (Tex. App.—

Houston [1st Dist.] 2007, no pet.) (res judicata inapplicable where no relitigation of child support obligations occurred). Venkatraman has not demonstrated the March 10 Order violated res judicata principles. *See Nixon v. Att'y Gen.*, No. 05-17-01080-CV, 2018 WL 4767149, at *4 (Tex. App.—Dallas Oct. 3, 2018, pet. denied) (mem. op.); *see also In re J.A.L.*, No.14-16-00614-CV, 2017 WL 4128947, at *6–7 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.). We resolve this issue against Venkatraman.

The evidence is legally and factually sufficient to support the trial court's conclusion the October 19, 2021 lien and the Corrected Lien were not fraudulent. Further, res judicata did not bar Masurekar and Skinner from filing the Corrected Lien. Accordingly, we overrule Venkatraman's challenges to the trial court's refusal to vacate the October 19, 2021 lien and the Corrected Lien.

## II.    Section 12.002 claims

Venkatraman next argues the trial court abused its discretion by denying him relief under section 12.002(b) of the Texas Civil Practice and Remedies Code. He maintains the evidence showed Masurekar and Skinner intended to cause him financial injury, mental anguish, or emotional distress. We disagree.

Section 12.002 of the civil practice and remedies code prohibits a person from making, presenting, or using a document or other record with:

> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

–14–

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

   (A) physical injury;

   (B) financial injury; or

   (C) mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE § 12.002(a). A person who violates section (a) is liable to each injured person for the greater of $10,000 or actual damages, court costs, reasonable attorney's fees, and exemplary damages. *Id.* § 12.002(b). "The Texas courts of appeals that have considered the intent to cause injury element under section 12.002 have rarely held the evidence to be sufficient to prove the element as a matter of law." *Brasch v. Lane*, No. 01-09-01093-CV, 2011 WL 2183876, at *4 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.) (mem. op.); *see also Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.) (rejecting argument that intent to cause harm was "self-evident" from filing a fraudulent claim under section 12.002); *Aland v. Martin*, 271 S.W.3d 424, 432 (Tex. App.—Dallas 2008, no pet.) (failure to remove lien legally insufficient to show intent to cause financial injury). Such is the case here.

As a preliminary matter, we concluded above the evidence was legally and factually sufficient to support the trial court's findings that neither the October 19,

2021 lien nor the Corrected Lien were fraudulent. Venkatraman's section 12.002 claims fails as a matter of law on this basis alone.

Moreover, the record includes no evidence Masurekar or Skinner intended to cause harm by filing either lien. Masurekar's counsel told the trial court neither Masurekar nor her counsel intended to harm Venkatraman by filing the liens. Counsel insisted the liens were filed to protect Masurekar's rights to collect the arrearages. Those statements are the only evidence in the record concerning their intentions for filing the October 19, 2021 lien and the Corrected Lien. Venkatraman presented no evidence to contradict Masurekar and Skinner's stated intentions. Instead, he relies on his assertion he was harmed by the filing of the abstract of judgment. Specifically, Venkatraman contends his application for a reverse mortgage was denied by a mortgage company because of the abstract of judgment. According to Venkatraman, a future attempt to refinance the mortgage would be more costly for him because interest rates have increased.

We conclude this evidence is legally and factually insufficient to support a finding Masurekar and Skinner intended to harm Venkatraman by filing the liens. Venkatraman's objections to the abstract of judgment were not addressed by the trial court below, and his assertions of harm were not admitted into evidence. Those objections and evidence, therefore, cannot support a reversal here. Moreover, any purported harm caused by the liens or the abstracts of judgment sheds no light on the intentions of Masurekar and Skinner. While such evidence could show the

impact of the filings, the evidence is legally and factually insufficient to support a claim for damages under section 12.002(b). Under this record, we conclude the evidence was legally and factually sufficient to support the trial court's denial of Venkatraman's section 12.002 claim for damages. We overrule his challenge to the denial of his section 12.002 claim.

## CONCLUSION

The evidence was legally and factually sufficient to support the trial court's conclusions that (1) the October 19, 2021 lien and the Corrected Lien were not fraudulent, and (2) Venkatraman was not entitled to damages under section 12.002. Further, res judicata did not bar Masurekar and Skinner from filing the Corrected Lien. Accordingly, we overrule Venkatraman's appellate issues and affirm the trial court's March 10, 2022 Order.

220298f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VENKY VENKATRAMAN,
Appellant

No. 05-22-00298-CV      V.

STEPHEN D. SKINNER AND
JYOTI MASUREKAR, Appellees

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-04-11968-
V.
Opinion delivered by Justice Partida-
Kipness. Justices Smith and
Breedlove participating.

In accordance with this Court's opinion of this date, the trial court's March 10, 2022 Order is **AFFIRMED**.

It is **ORDERED** that appellees STEPHEN D. SKINNER AND JYOTI MASUREKAR recover their costs of this appeal from appellant VENKY VENKATRAMAN.

Judgment entered this 7th day of August 2023.